# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

DERRICK ANTONIO PHARR, #230290,

        Petitioner,

v.

                                      ACTION NO.   2:23cv483

CHADWICK DOTSON,
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Derrick Antonio Pharr's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Chadwick Dotson ("respondent").  ECF Nos. 1, 9.  This matter was referred to the undersigned. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED,** and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### I.        STATEMENT OF THE CASE

Petitioner Derrick Antonio Pharr ("Pharr"), a Virginia inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.   Pharr challenges his convictions in the Circuit Court for the City of Fairfax in June 2005 for rape and burglary, for which he was sentenced to 27 years in the Virginia penal system.  *Id.* at 1; ECF No. 11-2; *Commonwealth v. Pharr*, No. FE-2002-102034 (Va. Cir. Ct. June 17, 2005).

Pharr's appeal of his convictions to the Court of Appeals of Virginia was denied on June

26, 2007.  ECF No. 11-3, at 66–76; *Pharr v. Commonwealth*, No. 1744-05-4 (Va. Ct. App. June

26, 2007).  The Supreme Court of Virginia refused Pharr's petition for appeal on October 30,

2007.  ECF No. 11-4, at 24; *Pharr v. Commonwealth*, No. 071574 (Va. Oct. 30, 2007).

Pharr filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on April

24, 2023.  ECF No. 11-5, at 1–17.  The Supreme Court of Virginia denied the petition on June

28, 2023, as untimely pursuant to Virginia Code § 8.01-654(A)(2).  *Id.* at 18.[1]

On September 28, 2023, Pharr filed his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 alleging ineffective assistance of counsel.  ECF No. 1.  On November 29, 2023,

respondent filed a Rule 5 answer and motion to dismiss with a memorandum in support.  ECF

Nos. 9–11.  Pharr filed a response to the motion to dismiss on December 29, 2023.  ECF No. 15.

## II.    ANALYSIS

**A.    Pharr's federal habeas petition is barred by the statute of limitations.**

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to federal habeas

petitions brought by state prisoners:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] On September 24, 2008, the Supreme Court of Virginia denied Pharr's motion for extension of time to file a petition for a writ of habeas corpus.  ECF No. 11-5, at 19.

28 U.S.C. § 2244(d)(1)(A), (d)(2).

The Supreme Court of Virginia refused Pharr's appeal of his convictions on October 30, 2007. ECF No. 11-4, at 24. Pharr's convictions became final 90 days later, on January 28, 2008, the last day he could file a petition for a writ of certiorari in the United States Supreme Court. *See* U.S. Sup. Ct. R. 13(1), (3). Pharr's one-year federal limitations period began to run on January 28, 2008, and, absent tolling, expired on January 28, 2009.

**B.      Statutory tolling does not apply.**

Under section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Untimely state petitions do not toll the AEDPA's statute of limitations because they are not considered properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (concluding "a state postconviction petition rejected by the state court as untimely [is not] 'properly filed' within the meaning of § 2244(d)(2)").

Pharr's state habeas petition filed on April 24, 2023, was denied as untimely. ECF No. 11-5, at 1–18. Accordingly, statutory tolling does not apply to extend Pharr's federal limitations period.

**C.      Pharr is not entitled to equitable tolling.**

AEDPA's statute of limitations provision is subject to equitable tolling. With equitable tolling, petitioners bear the burden of demonstrating that (1) they pursued their rights diligently, and (2) some "extraordinary circumstance" stood in their way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). In his petition, Pharr

3

asserts his counsel failed to turn over his case file and transcripts until December 2016 and September 2020. ECF No. 1, at 13–14, 20, 24–25. In response to the motion to dismiss, Pharr asserts that he has still not received approximately 200 pages of his case file, although he does not explain what is missing from the documents he has received. ECF No. 15, at 13–14. Pharr attached a letter dated October 7, 2020 to his petition. ECF No. 1, at 25. The letter from his counsel's former law partner, indicates that Pharr had been provided with the transcripts of his pretrial suppression hearing, the two-day trial, and suppression hearing, as well as the entire circuit court file containing the indictment, motions, court orders, discovery materials, and most exhibits introduced in evidence. *Id.* (explaining that items of physical evidence are not retained in the court's file).

According to the representations in the petition and documents attached to the petition, Pharr had his entire case file in October 2020, but did not file his federal petition until almost three years later in September 2023. Pharr has failed to show he is entitled to equitable tolling. *See Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights"); *Pace*, 544 U.S. at 419 (finding petitioner's delay in filing his petition without a valid justification showed a lack of diligence). Pharr has failed to establish that he pursued his rights diligently or that some extraordinary circumstance prevented the timely filing of his federal habeas petition. Accordingly, Pharr is not entitled to equitable tolling and his federal habeas petition is barred by the statute of limitations.

### III.   RECOMMENDATION

For these reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy.   *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.   A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 28, 2024

6